UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH CHAPLIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 10-0518 (ESH) ) |
| WILLIAM G. STEWART, JR. *et al.*, | ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

In this action brought *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff, a federal prisoner, challenges the response of the Executive Office for United States Attorneys ("EOUSA") to his request for records pertaining to his sentencing proceedings. By Order of January 10, 2011, the Court denied defendant's motion for summary judgment and directed it to release 202 pages of previously identified responsive records and to process records that were located at the Office of the United States Attorney for the Eastern District of Pennsylvania. (*See* generally Mem. Op. of Jan. 10, 2011.) EOUSA notified the Court on January 20, 2011, that it had released the foregoing 202 responsive pages to plaintiff [Dkt. # 29], and it now moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) or for summary judgment under Rule 56. Upon consideration of the current motion and plaintiff's response thereto, the Court will grant defendant's renewed motion for summary judgment.

1. EOUSA's Supplemental Processing of Records

In response to the Court's initial ruling, defendant searched its office in the Eastern District of Pennsylvania for the following three categories of records: witness testimony, money laundering documents, and proffer statements. (Second Decl. of Vinay J. Jolly [Dkt. # 38-4] ¶ 5.) It located approximately 6,100 pages "of potentially responsive documents." (*Id*. ¶ 6.) By letter of February 18, 2011, defendant informed plaintiff of the foregoing results and requested an advance payment of $852, to cover search fees for nine hours expended ($252) and duplication costs ($600). (*Id*. ¶¶ 7, 8 & Exs. C, D.) Defendant informed plaintiff that he could reduce his costs by reformulating the request to limit the number of pages he wished to receive or specifying a maximum amount he was willing to pay. (*Id*., Ex. D.) Defendant included a form for plaintiff to check his options and return, and notified plaintiff that his failure to respond by April 1, 2011, would result in his request being closed. (*Id*.) As of April 29, 2011, plaintiff had not paid the assessed fee. (Jolly Decl. ¶ 10.)

2. Analysis

In his opposition to the pending dispositive motion, plaintiff admits that he did not respond to EOUSA's letter and has not paid the fee. He argues that he should not be required to pay the fee "due to defendant's non-compliance and/or violations of the FOIA over the Past 4 1/2 years." (Response in Opp'n to Def.'s Mot. for Enlargement of Time and Request for Disclosure of Responsive Records [Dkt. # 41-1] at 3-4.) Plaintiff's argument lacks merit.

The FOIA confers upon the court jurisdiction to enjoin an agency from improperly withholding agency records and to order the production of such records. 5 U.S.C. § 552(a)(4)(B); *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (*citing Kissinger v. Reporters*

*Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980)). An agency's FOIA obligations are triggered by its receipt of a FOIA request "made in accordance with published rules stating the . . . fees (if any), and procedures to be followed . . . . 5 U.S.C. § 552(a)(3)(A). An agency may charge a requester reasonable fees for the search, review, and duplication of responsive documents. 5 U.S.C. § 552(a)(4)(A). There is no charge for the first two hours of search time or for the first 100 pages of duplication if the requester, like plaintiff, has no commercial purpose for the requested records.[1] 5 U.S.C. § 552(a) (4)(A)(iv)(II). If, pursuant to Department of Justice ("DOJ") regulations, the agency determines or estimates that the fees to be charged will exceed $25, it must notify the requester of the actual or estimated fee, and offer the requester an opportunity to reformulate the request to reduce costs. 28 C.F.R. § 16.11(e). The agency neither considers a request received nor performs any further work on a request until the requester agrees in writing to pay the anticipated total fee. *Id*. If the agency determines or estimates that the total fee to be charged will exceed $250, the agency may require the requester to make an advance payment before it begins to process the request. 28 C.F.R. § 16.11(i)(2). The commencement of a civil action pursuant to the FOIA does not relieve a requester of his obligation to pay any assessed fees. *See Pollack v. Dep't of Justice*, 49 F.3d 115, 120 (4th Cir. 1995); *accord Trueblood v. U.S. Dep't of Treasury*, 943 F. Supp. 64, 68 (D.D.C. 1996) ("Regardless of whether the plaintiff 'filed' suit before or after receiving a request for payment, the plaintiff has an obligation to pay for the reasonable copying and search fees assessed by the defendant.") (citation omitted) (alteration in original).

---

[1] In calculating the fee, EOUSA took "into account the first 100 free pages . . . ., Second Jolly Decl., Ex. D, and the two hours of free search time were exhausted in 2009. *See* Mem. Op. I at 4.

It is undisputed (1) that defendant complied with DOJ regulations by informing plaintiff about the fee requirements and suggesting ways to reduce his costs, and (2) that plaintiff has neither paid nor committed to paying the assessed fees. Therefore, the Court, having no further statutory authority, finds that defendant is entitled to judgment as a matter of law. *See Skinner v. U.S. Dep't of Justice*, 744 F. Supp. 2d 185, 195 (D.D.C. 2010) ("Summary judgment is appropriate when the plaintiff has failed to comply with agency fee regulations."); *cf. with Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) ("[H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform."); *accord Richardson v. U.S. Dep't of Justice*, 730 F. Supp. 2d 225, 231-32 (D.D.C. 2010). A separate Order accompanies this Memorandum Opinion.

DATE: July 14, 2011

_____s/_____
ELLEN SEGAL HUVELLE
United States District Judge